UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINCETTA YVONNE CARGILL, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  2:19-cv-01968-AKK-JHE |
| U.S. ATTORNEY JAY E. TOWN, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Quincetta Yvonne Cargill has filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations of her rights under the Constitution or laws of the United States.  Doc. 1.  On May 14, 2021, the Magistrate Judge entered a report recommending the dismissal of the plaintiff's federal claims without prejudice pursuant to 28 U.S.C. § 1915A(b)(1)–(2) for failing to state a claim upon which relief can be granted or for seeking monetary relief from a defendant immune from such relief.  Doc. 17.  The Magistrate Judge further recommended the dismissal of plaintiff's state law claims for legal malpractice against defendant Bloomston without prejudice pursuant to 28 U.S.C. § 1367(c).  *Id.* Lastly, the Magistrate Judge recommended the plaintiff's motion for default judgment, doc. 14, be denied, doc. 17.  The plaintiff has since filed a motion to amend the complaint, doc. 18, a motion to consolidate, doc. 19, and a motion to take

judicial notice, doc. 20.  The plaintiff has also filed objections to the Magistrate Judge's report and recommendation.  Docs. 21 and 22.  The court will first address the plaintiff's recently filed motions, docs. 18; 19; 20, before turning to her objections to the report and recommendation.

### A. Motion to Amend

The plaintiff states in her motion to amend the complaint that she has "erroneously failed to properly present full view of issues." Doc. 18 at 1.  However, she has previously filed an amended complaint and does not set forth any new factual allegations or claims that would change the outcome of this action.  Accordingly, her motion to further amend is due to be denied.

### B. Motion to Consolidate

In her motion to consolidate, doc. 19, the plaintiff requests the court to consolidate this action with *Cargill v. United States, et al.*, No. 2:20-cv-00529-MHH-JHE, *id.* at 1–2.  The court has already dismissed that case pursuant to 28 U.S.C. § 1915A(b)(1) based on the plaintiff's failure to state a claim upon which relief may be granted.  *See* Mem. Op. & Final J., *Cargill v. United States, et al.*, No. 2:20-cv-00529-MHH-JHE (N.D. Ala. July 28, 2021), Docs. 18; 19.  Therefore, the plaintiff's motion to consolidate the two actions is due to be denied.

### C. Motion to Take Judicial Notice

Next, the plaintiff requests the court take judicial notice of discovery materials in her criminal action that she alleges demonstrate she was wrongfully convicted. Doc. 20. The plaintiff may not use a civil action to challenge her criminal convictions. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (applying *Presier* to cases brought under *Bivens* and holding "claims which challenge the validity of the claimant's conviction . . . are simply not cognizable"). To the extent the plaintiff challenges the validity of her federal criminal convictions, the proper avenue is a direct appeal of that conviction or a collateral proceeding.[1] Accordingly, the plaintiff's motion to take judicial notice is due to be denied.

### D. Objections to the Report and Recommendation

The plaintiff alleges in her complaint that the defendant prosecutors used false testimony from three individuals to secure a conviction against her. Docs. 1 at 5–6, 8–9; 2 at 7–8. The Magistrate Judge determined that, to the extent the plaintiff seeks damages or injunctive relief for an allegedly unconstitutional conviction or imprisonment, her claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which prohibits the recovery of damages for an unlawful conviction or

---

[1] The plaintiff's appeal of her criminal convictions is currently pending in *United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE.

sentence without a showing that the conviction or sentence has been invalidated. Doc. 17 at 8–9. The plaintiff objects, arguing that she initiated this action before her convictions in federal court. Doc. 21 at 2.

Regardless, the plaintiff is due no relief. If considered prior to the plaintiff's federal convictions, her allegation that the defendant prosecutors used false testimony from witnesses to initiate criminal proceedings against her is most analogous to a claim of malicious prosecution. *See Uboh v. Reno*, 141 F.3d 1000, 1003 (11th Cir. 1998) (noting that malicious prosecution constitutes a cognizable claim under *Bivens*), *abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147, 1159 (11th Cir. 2020). To establish a malicious prosecution claim, a plaintiff must prove: "(1) the elements of the common law tort of malicious prosecution; [and] (2) a violation of [her] Fourth Amendment right to be free from unreasonable seizures." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010). Concerning the first prong, the "constituent elements of the common law tort of malicious prosecution are: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id*. (internal quotation marks and citation omitted). In this case, however, the plaintiff has never shown that the criminal prosecution instituted against her was terminated

in her favor. Accordingly, the plaintiff's claim of malicious prosecution, if any, would fail.

Next, the plaintiff contends her attorney, Brett Bloomston, aided federal prosecutors in obtaining a conviction against her. Doc. 22 at 4–6. She asserts Bloomston's insistence she cooperate to secure a plea deal demonstrated his "allegiance or loyalty to the United States Attorney." *Id.* at 5. However, the plaintiff's contentions rely solely on conclusory and speculative statements that Bloomston somehow conspired with government officials to violate her rights. The "naked assertion" of a conspiracy without "supporting operative facts" is not sufficient to state a constitutional violation. *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Therefore, because Bloomston is not a government official and the plaintiff fails to allege facts that show Bloomston acted in concert with government officials to violate her constitutional rights, the plaintiff's federal claims against Bloomston are due to be dismissed. *Id.*; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court **ADOPTS** the Magistrate Judge's report and **ACCEPTS** his recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b)(1)–(2), the plaintiff's federal claims are due to be dismissed without prejudice for failing to state a claim upon

which relief can be granted or for seeking monetary relief from a defendant immune from such relief. The plaintiff's state law claims for legal malpractice against defendant Bloomston are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). Because this action is due to be dismissed prior to service, the plaintiff's motion for default judgment, doc. 14, is due to be denied.

A Final Judgment will be entered.

**DONE** the 12th day of August, 2021.

                                                **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE